LNE 7.13.23
LDK/USAO# 2023R00135

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. JRR-23-255 |
| | * | |
| DONYEA KING, | * | (Conspiracy to Distribute and Possess |
| LARRY BENNER, AND | * | with the Intent to Distribute |
| SHANEQUA PARHAM, | * | Controlled Substances, 21 U.S.C. § |
| | * | 846; Possession with the Intent to |
| Defendants. | * | Distribute Controlled Substances, 21 |
| | * | U.S.C. § 841(a)(1); Possession of a |
| | * | Firearm in Furtherance of a Drug |
| | * | Trafficking Crime, 18 U.S.C. § 924 (c); |
| | * | Possession of a Firearm and |
| | * | Ammunition by a Prohibited Person, |
| | * | 18 U.S.C. § 922(g); Aiding & Abetting, |
| | * | 18 U.S.C. § 2; Forfeiture, 21 U.S.C. § |
| | * | 853, 18 U.S.C. § 924(d), and 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |

****

# INDICTMENT

## COUNT ONE
### (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

From on or about January 21, 2023, in the District of Maryland and elsewhere, the defendants,

**DONYEA KING,
LARRY BENNER,
SHANEQUA PARHAM,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to possess with the intent to distribute a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture or substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propenamide, AKA fentanyl, a Schedule II controlled substance, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of 4-ANPP (4-Anilino-N-phenethylpiperidine), a Schedule II controlled substance, a mixture or substance containing a detectable amount Buprenorphine, a Schedule III controlled substance, a mixture or substance containing a detectable amount Clonazepam, a Schedule IV controlled substance, and a mixture or substance containing a detectable amount Alprazolam (Xanax), a Schedule IV controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

<u>COUNT TWO</u>
(Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about January 21, 2023, in the District of Maryland, the defendants,

**DONYEA KING,
LARRY BENNER,
SHANEQUA PARHAM**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture or substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propenamide, AKA fentanyl, a Schedule II controlled substance, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of 4-ANPP (4-Anilino-N-phenethylpiperidine), a Schedule II controlled substance, a mixture or substance containing a detectable amount Buprenorphine, a Schedule III controlled substance, a mixture or substance containing a detectable amount Clonazepam, a Schedule IV controlled substance, and a mixture or substance containing a detectable amount Alprazolam (Xanax), a Schedule IV controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT THREE
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about January 21, 2023, in the District of Maryland, the defendants,

**LARRY BENNER,**

did knowingly possess firearm, that is, a Smith & Wesson SD9VE 9mm Luger pistol, bearing serial number FCD6492, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, as alleged in Count Two of this Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT FOUR
### (Possession of Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about January 21, 2023, in the District of Maryland, the defendant,

**LARRY BENNER,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Smith & Wesson SD9VE 9mm Luger pistol, bearing serial number FCD6492, and approximately 15 rounds of 9mm ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions under Counts One through Four of this Indictment.

### Narcotics Forfeiture

2. Pursuant to 21 U.S.C. § 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Counts One and Two, incorporated here, the defendant(s) convicted of such offense(s), shall forfeit to the United States of America:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

### Firearms and Ammunition Forfeiture

3. Pursuant to 18 U.S.C. § 924(d), upon conviction of an offense alleged in Counts Three and Four incorporated here, the defendant(s) convicted of such offense(s) shall forfeit to the United States any firearms and ammunition involved in the offense(s).

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

   a. a forfeiture money judgment in the appropriate amount;

   b. approximately $276 U.S. currency seized during the Defendants' arrests on or about January 21, 2023;

   c. one Smith & Wesson SD9VE 9mm Luger pistol, bearing serial number FCD6492;

   d. approximately 67 rounds of 9mm ammunition;

   e. one drum magazine; and

   f. one Glock magazine.

### Substitute Assets

5. Pursuant to 21 U.S.C. § 853(p), if any of the property described above as being subject to forfeiture, as a result of any act(s) or omission(s) by the Defendant(s):

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been comingled with other property which cannot be subdivided without difficulty,

7

it is the intent of the United States to seek forfeiture of any other property of the Defendant(s) up to the value of the property charged with forfeiture in the paragraphs above.

21 U.S.C. § 853
18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)

_Erek Barron/LDR_
Erek L. Barron
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

7/25/23
Date

8